```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

DOUGLAS L.R. ABEL,
                         Petitioner,

          v.                          CASE NO. 04-3463-SAC

STATE OF KANSAS,

                         Respondent.

**MEMORANDUM AND ORDER**

Petitioner seeks to challenge his 1995 convictions of felony murder and other offenses on the grounds that the prosecution presented false and misleading evidence at trial, denied his right to confrontation, presented impermissibly suggestive identification testimony, and he was denied his right to effective assistance of counsel.

Petitioner acknowledges his federal Petition is not timely, and his initial pleading is a motion for leave to file it out of time. (Doc. 1). In this motion, petitioner asserts that exceptional circumstances beyond his control prevented the timely filing of his federal Petition and that he diligently pursued his claims for relief. He also asserts he is actually innocent.

From the numerous materials filed by petitioner, the pertinent facts appear to be as follows. Petitioner was convicted upon trial by jury in 1995, in the District Court of Shawnee County, Topeka, Kansas, of felony murder, aggravated robbery and aggravated burglary and sentenced to life. The victim, a coin collector, was found dead in his back yard with

3 bullet wounds.  Coins from his collection and his vehicle were missing.  Petitioner was implicated by a crime stopper caller, in police investigations, and by circumstantial evidence presented by persons who testified at his trial.  One witness testified after allegedly being considered a suspect himself, and petitioner argues that witness must have been the actual perpetrator.  Petitioner directly appealed[1] his convictions, and the Kansas Supreme Court affirmed[2] on January 27, 1997.

On February 4, 1998, petitioner filed a pro se motion for post-conviction relief under K.S.A. 60-1507 in Shawnee County District Court in Case No. 98-CV-151.  An Order to Show Cause issued, and the State filed a response on March 29, 1998.  It appears petitioner's 1507 petition was mistakenly assigned to either the wrong judge in the wrong division or to two different judges in two different divisions, and some confusion may have resulted[3].  On April 29, 1999, Judge Dowd, who presided at Abel's

---

[1] Petitioner alleges in his Amended Petition that none of the claims presented therein were raised at trial or on direct appeal of his criminal conviction.

[2] Petitioner attaches a copy of the opinion of the Kansas Supreme Court in Abel v. State of Kansas, No. 74,423 (Ks.Sup.Ct. Jan. 24, 1997).  It indicates Abel, represented by appointed counsel on direct appeal, claimed he was denied a speedy trial, the court erred in failing to give jury instructions on accomplice and informant testimony, and the evidence was insufficient.

[3] Petitioner exhibits a copy of the opinion of Judge Rosen filed on March 11, 1998, finding Abel raised factual contentions that "if true may" entitle him to relief and directing the State to respond to Abel's 60-1507 motion.  Abel v. State of Kansas, Case. No. 98-CV-151.  Petitioner also exhibits a copy of Judge Dowd's decision filed April 29, 1999, in which he denied relief.  This order explains that petitioner's criminal trial took place in Division 11, but his 1507 petition was "inadvertently filed in Division 4, which issued the March 11, 1998 order requiring the State to respond.  However, Judge Dowd notes that order was "in error as the State had already filed a "Response of District Attorney" to 1507 petition in Division 11, the appropriate court, which Division 4 was unaware of.  Judge Dowd then found that "the State's Response answers the factual concerns of the Court," and adopted the response "as its findings."  The

2

trial, entered an Order[4] denying petitioner relief.  Petitioner complains the judge simply adopted the State's allegedly inadequate response and findings and ruled "without making any conclusions of law or findings of fact."  On May 10, 1999, Abel filed a pro se notice of appeal and sought appointment of counsel.  He then contacted attorney Kevin Loeffler who entered his appearance pro bono on the appeal.  On April 14, 2000, the Kansas Court of Appeals (KCOA) denied the appeal[5].  Petitioner complains the appellate court also "made no conclusions of law or finding of facts."  On July 13, 2000, the Kansas Supreme Court denied a Petition for Review.  Petitioner states in his Amended Petition that he received a copy of the Kansas Supreme Court's denial on October 2, 2000.  This federal 2254 action was initiated by a pleading executed by Abel on November 22, 2004.

Petitioner's exhibits include a letter to him from

---

1507 petition was denied "as the Court finds that neither the State nor Petitioner's counsel violated Petitioner's constitutional rights."

[4] This and petitioner's other complaints regarding the state court, such as receiving no file-stamped copies or no rulings on some of his pleadings, are irrelevant as to whether or not petitioner is entitled to equitable tolling after the limitations period expired.  The difficulties in state court occurred while his 1507 action was "properly pending," and the limitations period was statutorily tolled as a result.

Petitioner argues these circumstances led him to believe he could not file a 2254 petitioner without legal assistance.  The difficulties petitioner alleges he faced during the state 1507 proceedings were not so exceptional as to convince this court that petitioner was justified in deciding not to file his 2254 Petition on time.

[5] Petitioner exhibits the opinion of the KCOA affirming the denial of his 1507 motion.  The KCOA delineated the issues on appeal as whether the district court abused its discretion when it (1) denied petitioner's 1507 motion without a hearing, and (2) failed to hold an evidentiary hearing concerning his claim of ineffective assistance of counsel.  The KCOA concluded that "after thorough consideration of the record . . . neither reversal nor modification is required under the law and evidence."  This raises the question of whether petitioner has actually exhausted state court remedies on all the claims in his 2254 Petition.

Loeffler dated October 2, 2000, which indicates a copy of the denial of Abel's Petition for Review was enclosed, as well as a packet for filing a 2254 petition. Another exhibited letter is a response from a Legal Services attorney dated October 5, 2000, stating they could not assist him in filing a 2254 petition other than to review one prepared by Abel prior to filing. Another letter to petitioner reflects he was sent 2254 forms by Legal Services on October 12 and 25, 2000, as well as in June and July of 2002.

Petitioner recounts many other actions he took in pursuit of his claims, but they were after the statute of limitations had already expired. For example, he exhibits a letter from Loeffler indicating Abel requested a copy of the Kansas appellate court opinion in his case, which was sent around February 27, 2001. Petitioner alleges he received his case file from Loeffler on March 27, 2001. He further states that on May 7, 2001, attorney George Aucoin agreed to assist him in seeking federal habeas corpus relief. On June 27, 2002, he received a letter from Aucoin announcing his retirement due to "serious medical problems." Petitioner states he "immediately started working" on a pro se 2254 petition, and wrote Legal Services for Prisoners asking for their notes. On July 15, 2002, petitioner wrote EDCF and Lansing Legal Services attorneys stating he was filing a 2254 pro se and seeking proof he had "diligently pursued relief." A letter exhibited by him from Legal Services indicates he asked for the attorney's "notes" and they were sent on August 5, 2002. In 2002 petitioner's father contacted the KU

4

Defender Project and asked for assistance for his son. Abel states he received an application form from the KU Defender Project on September 3, 2002. The Defender Project wrote Abel on October 2, 2002, that they had received his completed application. Student interns were assigned his case. Abel was advised to locate and depose witnesses he claimed would prove his innocence. It appears his father hired a private detective agency to locate witnesses. Abel now alleges that addresses for the witnesses were secured, but he lacks the money to depose[6] them. He exhibits a letter from the Defender Project closing his case on August 20, 2004, because no new evidence or information requested was received. His file was returned on September 10, 2004. He states that "immediately upon receipt" of his file, he diligently sought relief under Section 2254.

**LEGAL STANDARDS**

Under 28 U.S.C. 2244(d)(1) a person in custody pursuant to a state court judgment has a one-year period from the date his convictions become "final" in which to file a 2254 petition. The limitation period is tolled during the time "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2).

The Tenth Circuit Court of Appeals' explained equitable tolling

---

[6] Petitioner provides no affidavits from these alleged witnesses or descriptions of such affidavits showing they would contain new evidence not presented or available at the time of trial. His suggestion that he has no money for depositions or affidavits fails to satisfy his burden to supply the court with actual new evidence.

5

as follows:

> (The) one-year statute of limitations is subject to equitable tolling, but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances --prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling.

<u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000)(quotation and citations omitted).

**<u>DISCUSSION</u>**

On January 13, 2005, this court entered an Order finding this 2254 action subject to dismissal as untimely, and petitioner was directed to show cause why this action should not be dismissed as time barred. Thereafter, petitioner filed an Amended Petition for writ of habeas corpus and Memorandum in Support. He does not allege additional, significant facts showing entitlement to equitable tolling in these pleadings. Instead, he mainly argues the merits of his habeas claims, which he did not do in his initial pleading. He asserts actual innocence, attempts to discredit testimony and evidence presented at his trial, and complains his defense counsel failed to adequately investigate, cross-examine the State's witnesses, and to contact and present crucial defense witnesses. He repeats allegations of problems encountered during his state

1507 proceedings, and efforts he made to pursue his claims, which were set forth in his initial motion.

The court concludes from the record presented by petitioner and his response to its show cause order that his 2254 Petition was not timely filed. Petitioner's conviction became "final" for purposes of 28 U.S.C. 2244(d) on around April 27, 1997, ninety days after the Kansas Supreme Court on direct appeal denied his Petition for Review. The statute of limitations began to run at this time and ran uninterrupted for 274 days until petitioner filed his 1507 motion on February 4, 1998. At that point, 82 days remained in the limitations period. The limitations period was tolled by the filing of petitioner's 1507 action in state court and remained tolled until the Supreme Court denied review on July 13, 2000. Petitioner did not file the instant federal habeas corpus Petition until November 22, 2004.

Petitioner, who does an unusually good job of presenting his arguments and providing and organizing his supporting documents, candidly admitted in his initial pleading that the statutory limitations period has expired in this case. He plainly has understood for some time that in order to have his 2254 Petition considered in federal court now he must show exceptional circumstances and diligent pursuit of his federal claims. Abel argues that exceptional circumstances beyond his control prevented him from filing his federal habeas Petition on time. In support of this argument, he alleges he had difficulty proceeding pro se in state court on his 1507 motion, and as a

7

result "felt it was imperative" for him to have an attorney to pursue his federal claims in a 2254 action. As noted, he provides exhibits and factual details of the difficulties in state court and his quest for attorney representation.

However, from petitioner's own allegations it is clear that, despite problems in state court, his 1507 petition was filed, the State was required to and filed a Response, the trial judge considered Abel's claims and relief was denied. Petitioner contends his claims have never been considered on the merits. The fact that the state district judge who presided at his trial did not make written findings of fact, or discuss conclusions of law and the merits of his claims in a written opinion, does not establish that his claims were not decided on the merits. The wording of the judge's Order denying petitioner's 1507 petition is summary but plainly indicates his claims were found to be without merit. Petitioner filed an appeal which was considered and denied by the KCOA, and his Petition for Review was filed and denied. There is no indication that his claims were dismissed on procedural grounds or ignored by the state courts.

Petitioner insists he has diligently pursued his claims. As the main support for this assertion he alleges and shows that he sought representation of counsel and legal assistance from Legal Services for Prisons at two different prisons, private counsel, and the KU Defender Project. He alleges and exhibits that a Colorado attorney in private practice who agreed to help him file his 2254 Petition retired due to health problems. He

8

argues this constituted circumstances beyond his control which entitle him to equitable tolling.

Even though petitioner sought legal assistance from several sources and documents his efforts over time, these facts do not excuse him from filing a form 2254 Petition setting forth the factual bases for his claims prior to expiration of the limitations period. Petitioner does not claim he is illiterate, or incapable of stating his claims, and in any event his pleadings clearly prove otherwise. However, even if he did so claim, it would not entitle him to equitable tolling.

Petitioner does not specifically allege he was unaware of the denial of his Petition for Review on July 13, 2000. This is the earliest date this court could find the statute of limitations again began running. If that date is used, the limitations period expired 82 days later in October, 2000. Even if petitioner's implication is that he was not immediately aware of the denial of his Petition for Review, he admits and his exhibits indicate he was sent a copy of the denial and 2254 forms on October 2, 2000. If the statute of limitations began running again the first week in October, then it expired 82 days thereafter near the end of December, 2000. Petitioner describes no circumstances between July 13, 2000, and the end of December, 2000, which were beyond his control and prevented him from filing his 2254 Petition on time. Abel claims he "could not have put together a proper 2254" or Memorandum without copies of the state supreme court's ruling and his transcripts, which he received on March 27, 2001. However, these allegations are not

9

supported by sufficient facts showing he could not have filed his form 2254 Petition stating the factual basis for his claims before he received these materials from his appellate attorney. The initial pleading he did file in 2004 included neither. Moreover, he must have already presented his claims in his 1507 petition in state court.

That petitioner either failed to file his 2254 Petition, or felt he could not file it without assistance of counsel, prior to expiration of the limitations period simply does not constitute circumstances beyond his control and does not demonstrate diligence sufficient to entitle him to equitable tolling. Abel's actions after the limitations period expired, no matter how diligent, do not entitle him to equitable tolling.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's motion to file this 2254 Petition out of time (Doc. 1) is denied, and this action is dismissed as time barred.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2005, at Topeka, Kansas.

s/Sam A. Crow<br>U. S. Senior District Judge